*AMENDED COMPLAINT*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Jacksonville Division

## CIVIL RIGHTS COMPLAINT FORM

RONALD WAYNE CLARK JR.

CASE NUMBER: 3:11-CV-1051-J-34TEM
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison number, if applicable)

v.

KEN TUCKER, secretary Fla. Dept of Corr. et al.

Berry r. Reddish

Brad Whitehead

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

Ivey

Aldridge

John Godwin

Adkins

Bennett Killgore

John Lynch

Timothy Slone

Garza.

### ANSWER ALL OF THE FOLLOWING QUESTIONS:

I. **PLACE OF PRESENT CONFINEMENT:** Union Correctional Institution
   (Indicate the name and location)

II. **DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?** Yes (✓) No ( )

   [If your answer is YES, after reviewing the exhaustion requirements, answer the following questions]

DC 225 (Rev. 9/03)

1

FILED

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A. Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

   1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes (✓) No ( )

   2. If so, you must attach a copy of the grievance and response to this Complaint form.

   3. Were you denied emergency status? Yes (✓) No ( )

      a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes (✓) No ( )

      b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B. Informal Grievance (Request for Interview)

DC 225 (Rev. 9/03)                                    2

1. Did you submit an informal grievance (Form DC3-005)? Yes (✓) No ( )

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C. <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes ( ) No (✓)

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes (✓) No ( )

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes (✓) No ( )

2. If so, you must attach a copy of the appeal and response to this Complaint form.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.**

Signed this __27__ day of __Dec__, __2011__.

_____
Signature of Plaintiff

DC 225 (Rev. 9/03)                                           3

IV. **PREVIOUS LAWSUITS**:

A. Have you initiated other lawsuits in <u>state</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?
Yes ( ✓ ) No ( )

B. Have you initiated other lawsuits in <u>federal</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?
Yes ( ) No ( )  I don't know what court it was in

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1. Parties to previous lawsuit:

   Plaintiff(s): _Class action._

   Defendant(s): _____

2. Court (if federal court, name the district; if state court, name the county):

   Don't Know

3. Docket Number: _____

4. Name of judge: _____

5. Briefly describe the facts and basis of the lawsuit: It was a heat suit that was a class action back in the 1990's.

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):

   Don't Know

7. Approximate filing date: 94 - 97

8. Approximate disposition date: Don't Know.

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

DC 225 (Rev. 9/03)                               5

_____
_____
_____
_____
_____

V. **PARTIES**: In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: Ronald Wayne Clark JR. #812974

Mailing address: UCI 7819 N.W. 228th street

Raiford, Florida, 32026-4440

B. Additional Plaintiffs: N/A

_____
_____

In part C of this section, indicate the <u>full name</u> of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: Ken Tucker

Mailing Address: 501 south Calhoun street

Tallahassee, Fl. 32399

Position: Secretary Fla. Dept of Corr.

Employed at: Tallahassee,

D. Defendant: Barry V. Reddish

Mailing Address: UCI 7819 N.W. 228th street

Raiford, Florida 32026-4000

Position: Warden

Employed at: Union Corr. Inst.

DC 225 (Rev. 9/03)                    6

E. Defendant: Brad Whitehead
   Mailing Address: UCI 7819 N.W. 228th Street
   Raiford Florida 32026-4000
   Position: Assistant Warden.
   Employed at: Union C.I.

F. Defendant: John Godwin
   Mailing Address: UCI 7819 N.W. 228th Street
   Raiford, Fl. 32026-4000
   Position: Colonel
   Employed at: Union C.I.

G. Defendant: IVEY
   Mailing Address: UCI 7819 NW 228th Street
   Raiford, Florida, 32026-4000
   Position: sergent
   Employed at: Union CI

H. Defendant ALDRIDGE
   mailing address UCI 7819 N.W. 228th Street
   Raiford, Florida 32026-400
   position sergent.
   Employed at Union CI

I. Defendant ADKINS
   mailing address UCI 7819 NW 228th Street
   Raiford, Fl 32026-4000
   Position: Lt.
   Employed at: Union CI

(J) Defendant: Bennett KILLGORE
mailing address: UCI 7819 N.W. 228th Street
Raiford, Fl. 32026-4000

Position      Lt.
Employed at   Union CI

(X) Defendant: John Lynch
mailing address: UCI 7819 N.W. 228th Street
Raiford, Fl. 32026-4000

Position :    Correctional Officer
Employeed at: Union C I

(L) Defendant: Timothy Slone
mailing address: UCI 7819 NW. 228th St.
7819 NW. 228th St.
Raiford, Fl. 32026-4000

Position      Correctional Officer
Employeed at  Union C.I.

(M) Defendant: Garza
mailing address  UCI 7819 N.W. 228th Street
Raiford, Fl. 32026-4000

Position      Sgt.
Employeed at: Union CI

7(a)

VI. **STATEMENT OF CLAIM:** State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

First, EIGHTH and Fourteenth Amendment Rights. by trying to shut plaintiff's blog down, throwing his mail away in retaliation as well as keeping plaintiff on Disciplinary Confinement denying him of his Rights, priviledges and Liberty interest in retaliation over this blog, and his First Amendment Rights to Freedom of speech.

VII. **STATEMENT OF FACTS:** State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

1.) These are the Chronological events narrowed down for this Court in which this Retaliation Claim over Plaintiff's Federally protected First Amendment rights took place. and in doing so Defendants violated plaintiff's First, Eighth and Fourteenth Amendment Rights to be Free From Retaliation.

2.) On August 8, 2011 at approx. 2PM. P-Dorm video of 4-Wing, Left side bottom (referred to from here on as P-4-L-B video) will show Defendants Whitehead, Godwin and Adkins Coming to plaintiff's Cell P-4105.

Statement of Facts, continued:

3) Defendant Whitehead stated to Plaintiff "your blog its shut down." Thus violating plaintiff's Federally protected right to Freedom of speech and Freedom from retaliation.

4) When Plaintiff stated "my blog is in compliance with 33-Fac and that it has been approved by this Administration and Tallahassee and that Plaintiff has a right to Freedom of speech and that Plaintiff would File a law suit."

5) Defendant Whitehead stated in a Firece angery manner, "Boy you better remember where your at!" At which time plaintiff pulled out a grievance Form and began writing.

6) Defendant Whitehead ordered staff "Get him out of there and tear that cell up!" Plaintiff can be seen on P-4-L.6 video being escorted out.

7) Defendant Whitehead and Godwin stopped at the holding cell and said "you try to put anything up on that blog you'll never get off Disciplinary Confinement (DC) nor will any of your mail get out." In violation of Plaintiff's 1st, 8th and 14th Amendment right's to be Free from retaliation of Freedom of speech.

8) Plaintiff was returned to his cell at approx 3PM where he Found his propretry and legal File destroyed.

9) Plaintiffs neighbor, stated that Defendant Adkins said after reading plaintiff's Formal Complaint. "How does he get this

information?"

10.) Plaintiff would clean the mess up, and realize the Formal Complaint, grievances and other documents that were on plaintiff's desk were missing. In violation of plaintiff's 1st, 8th and 14th Amend.

11.) Plaintiff would receive another "retaliatory shake down" on Monday August 15, 2011 along with 2 other inmates who staff informed was the result of plaintiff. admitting this was retaliatory in violation of Plaintiff's Federally protected right to be free from retaliation.

12.) During this shake down Plaintiff noticed that his medication Prozac had been poped out and thrown away.

13.) Plaintiff would write a request to Defendant Reddish trying to find out who was shutting his blog down. Defendant Whitehead would give the following response. "The decision was made by executive staff that the Death Row poet blog was seen as a security risk." Quote.

14.) Plaintiff received a retaliatory DR# 213-111197 that was ordered by Defendant Adkins and issued by Defendant Lynch on Aug 1, 2011 which was retaliation over the blog.

15.) On Thursday Aug 25, 2011 plaintiff conducted an interview with St. Petersburg times Capital Bureau Chief Steve Bousquet and exposed the retaliation which further infuriated the Administration.

16.) Friday August 26, 2011 at 7:30am Defendant Whitehead can be seen on P-4-L-6 video stopping at cell 4105 and harassing plaintiff by calling him childish names.

17.) Monday August 29, 2011 at 5:46am Defendant Aldridge can be seen on P-4-L-6 video throwing plaintiff's breakfast tray against the bars. in further retaliation with the other Defendants.

18.) Plaintiff would write Defendant Tucker and send complaint's notifying him of this retaliation in order to try to stop it.

19.) Plaintiff would speak with Administrative sergeant Sgt. Lee on August 30, 2011 and psychologist Ms. J. Sagle on the 31st expressing his concerns over getting set up with further retaliatory Disciplinary Report (DR) over the writings on his blog.

20.) When Plaintiff was leaving Ms. Sagle's office on August 31, 2011

9(B)

Defendant Ivey snatched plaintiff by the back of the arm, stating "shit runs down hill."

21.) On September 1, 2011 Defendant Ivey searched plaintiff's cell did not leave a DC6-220 Impound Propretry slip as required under 33-F.A.C. yet stated he found three razor blades in a hole in the rear wall. A hole that plaintiff was trying to get fixed in grievance # 11-6-27038. This was a retaliatory DR. #213-111437 over plaintiff's blog and the August 25, 2011 Interview.

22.) On Friday September 9, 2011 Defendant Killgore assisted the Administration in orchestrating DR# 213-111515 that Defendant Slone wrote up assisting in the retaliation over the blog. P-4-L-b, video of Sept. 9, 2011 at 1 to 1:30 P.M. not only supports what plaintiff has stated. But video will not support DR#213-111515

23.) On November 9, 2011 Defendant Killgore while in the hall at approx 10 am stated to plaintiff "I heard you've been writing about me in your letters, Keep it up and you want have shit!" Plaintiff had been searching for a report from Aug 15, 2010 or 09 where Lt. Killgore was suspend for the assault of inmate Paul Kennedy.

24.) Defendant's Kept their promise of August 8, 2011, and for over two months, threw plaintiff's mail away, which consisted of numerous blog's, plaintiff had written on this Admin. P-4-L-b Video will support that mail was picked up, but never reached plaintiff's friends, family, media, or counsel. In violation of plaintiff's First Amendment Rights. They will testify to this.

25) Defendant Garza can be seen on video P-4-L-b on Saturday November 19, 2011 at 6:05 am refusing to give plaintiff his breakfast tray. Although plaintiff can be seen receiving his milk and coffee. This is all retaliation over plaintiff's blog.

26) The Defendant's in retaliating against plaintiff over the blog, for which plaintiff had a First Amendment Federally protected Right to retaliated by the following which FDOC records and testimony will support. Causing plaintiff to lose a visit with his

9(c)

mother, lost 7 months of gain time, Recreation, access to the law library, law clerks and legal material, as well as proprety and other liberty interest. For exercising his First Amendment Right to Freedom of speech. Numerous staff such as psychologist J. sagle Doctor Martinez and other staff will be called to testify.

27) In an interview with St. Petersburg Times Mr. Steve Bousquest. FDOC executive staff stated and I quote. "He's got to be stopped, He's making accusations over the Internet." referring to plaintiff.

28) Defendants Tucker and Reddish not only allowed this retaliation but supported it by not taking actions to stop it. They were notified of this retaliation through, Grievances, Formal Complaints and letters. Thus allowing this on going retaliation of Plaintiff's 1st, 8th and 14th Amendment Rights. For exercising his Right to Freedom of speech.

29) Plaintiff would ash to leave to Amend this Complaint after he receives the names ect..

I Ronald Wayne Clark jr under the penalty of purjury do hereby swear that the facts above are true and correct.

*Ronald W. Clark jr*
Deckrant

Sworn to before me this 27 day of Dec 2011:

*Notary public.*

NOTARY PUBLIC-STATE OF FLORIDA
Jerome Lee
Commission # DD822761
Expires: OCT 20, 2012
BONDED THRU ATLANTIC BONDING CO., INC.

9(D)

VIII. **RELIEF REQUESTED:** State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

1.) Issue a T.R.O. stopping all Defendants and FDOC employees from any further Retaliation.

2.) Set case for a jury trial in the event that Defendants don't want to settle.

3.) Award Compensatory Damages in the Following amount $5,000 to Plaintiff for the Retaliatory destruction of his legal file ordered by Defendant's Whitehead Godwin and Adkins.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this __27__ day of __Dec__, 2011.

_Ronald H. Clark_

(Signatures of all Plaintiffs)

DC 225 (Rev. 9/03)

10

## Relief Requested Continued

4.) Award compensatory damages to plaintiff in the amount of $5,000 for the retaliatory denial of plaintiff's sept 17, 18 visit of his mother, by secretary Tucker, warden Reddish, Sgt. Ivey, CO. Slone, and Lt. Killgore.

5.) Award punitive damages to plaintiff in the amount of $5,000 each, upon each defendant for retaliating over plaintiff's right's to Freedom of speech.

6.) Award punitive damages to plaintiff in the amount of $10,000 each, upon each defendant for the denial of propretry priviledges and Liberty interest that was due plaintiff.

7.) Refund plaintiff's court cost filing fee postage ect.

Alternate settlement

1.) Refund Plaintiff's filing fee's postage copying ect.
2.) Restore Plaintiff's Legal file.
3.) Compensate for sept 17, 18 visits that Defendants messed up by allowing plaintiff's mother three day visit's which is in the scope of 33-F.A.C.
4.) Designate a staff member to pick up mail in P-Dorm and drop it into a secure lock box.
5.) Restore all of plaintiff's priviledges and rights and expunge DR.S. 213-111197, 213-111437 and 213-111515 which were retaliatory DR.s
6.) Ensure that plaintiff upon receiving a DR. can request a lie detector test/voice stress analysis in the event plaintiff insist upon his innocence. If plaintiff passes the state pays- if plaintiff fail's, plaintiff pays.

This settlement is not over bearing or demanding.

Respectfully
submitted
Donald N. Clark Jr.